390 So.2d 1302 (1980)
STATE of Louisiana
v.
Robert MOSLEY, Jr.
No. 67562.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
*1303 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., for plaintiff-appellee.
Jeanette G. Garrett, New Orleans, for defendant-appellant.
DENNIS, Justice.
Defendant, Robert Mosley, Jr., was indicted by a grand jury for the crimes of aggravated rape and armed robbery, in violation of La.R.S. 14:42 and 14:64. After trial by jury, he was found guilty of both offenses. The trial court, following pre-sentence investigation, sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the aggravated rape, and twenty years at hard labor without benefit of parole, probation, or suspension of sentence for the armed robbery. Defendant now appeals his conviction and sentence to this Court urging six assignments of error. We affirm his conviction and sentence because a review of these assignments reveals no reversible error.
During the afternoon of July 10, 1979, a black male, waving a gun, entered the Knox Grocery Store in Shreveport. He ordered three young women store employees to place the cash register's contents in a paper bag. He forced one woman to watch at the store window while he raped another in the back of the store with his weapon pressed to her head. Afterwards he searched the store for more money and took a pistol from behind the counter. The robber left with the money and pistol after forcing the women to lie on the floor and threatening to kill them if they got up to observe his flight. After waiting a short while, the women reported the incident to the police and gave them a description of the man. A few hours later, the defendant, a black male fitting the physical description supplied by the victims, was arrested in a public park in the vicinity of the Knox Grocery Store. A line-up was conducted at the stationhouse and the defendant was identified by each of the three women as the person who had committed the rape and armed robbery earlier that day.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues that the trial court erred in denying the defense motion to suppress certain evidence seized from the defendant at the time of his arrest, including clothing and two hand guns, one of which was identified as the same weapon taken from the Knox Grocery Store during the robbery. The defendant contends that the police did not have probable cause to arrest him and consequently the evidence was seized during a warrantless search pursuant to an illegal arrest.
The state and the defense agree that the applicable standard for testing probable *1304 cause to arrest was recently set forth by this Court in State v. Collins, 378 So.2d 928 (La.1979) as follows:
Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Wilkens, 364 So.2d 934 (La.1978); State v. Johnson, 363 So.2d 684 (La.1978); State v. Marks, 337 So.2d 1177 (La.1976). Although mere suspicion cannot justify an arrest, State v. Thomas, 349 So.2d 270 (La.1977), the officer does not need sufficient proof to convict. State v. Randolph, 337 So.2d 498 (La.1978).
One of the most important elements in determining whether probable cause existed is satisfied when the police know a crime has actually been committed. When a crime has been committed and the police know it, they only have to determine whether there is reasonably trustworthy information to justify a man of ordinary caution in believing the person to be arrested has committed the crime. In many cases the police do not know that a crime has been committed. When the arrest or search is made when the police do not know that a crime has been committed, more and better evidence is needed to prove that probable cause exists for the arrest than is the case when the police know a crime has been committed. State v. Johnson, supra, 378 So.2d at 930.
Applying these principles to the case at bar, we conclude that the facts and circumstances within the police officers' knowledge or of which they had reasonable and trustworthy information justified a person of average caution in the belief that Mosley had committed the rape and armed robbery at the Knox Grocery Store approximately three hours earlier.
The police had been alerted to the defendant's presence in the park by a Mrs. Peterson, who lived across the street from the scene of the crime. The investigating officer testified that after taking the victims' statements, he questioned Mrs. Peterson, who informed the officer that an individual whom she did not know had come to her front door that afternoon and asked her for a date, but that she had refused to allow him in the house. She described this man as a black male, approximately 5' 4" tall, weighing roughly 145 pounds, dressed in black, and having plaited hair. Two officers testified at the motion to suppress hearing that Mrs. Peterson stated she saw the suspect enter the grocery store after leaving her house. However, at trial Mrs. Peterson maintained that she did not see the man actually enter the store but rather noticed him departing her house in that direction. In any event, Mrs. Peterson observed this same man in a public park in her neighborhood later that day while riding in an automobile with friends. By that time she had heard the name Robert Mosely circulated in the neighborhood as the man linked to the robbery. As revealed by other testimony at the hearing, that same afternoon an individual dressed like the suspect, with a gun visible in the waistband of his trousers, had cashed two rolls of coins at the Pounce Street Grocery, which is in the vicinity of the Knox Grocery Store. A Pounce store clerk had identified that man as Robert Mosley, Jr. Mrs. Peterson informed the police that she had seen the man she assumed was named Mosely in the park, and later led the arresting officers to that site and pointed out the defendant as the same man who had come to the front door of her house that afternoon.
The defense contends that the arresting officers were not justified in arresting Mosely because at best they were acting only upon the suspicions of Mrs. Peterson linking the man who had come to her door with the man who had committed the crimes at the Knox Street Grocery. However, the officers testified that the information supplied by Mrs. Peterson augmented three descriptions of the robber which had been obtained from the victims of the crime. When questioned separately each described the perpetrator as a young black male, armed with a revolver, having plaited hair, and wearing all black clothing, including a long-sleeved shirt. All had observed *1305 a scar over one of the man's eyes. Estimates for height and weight varied between 5' 4" and 5' 8", and between 145 and 160 pounds. In view of the eyewitnesses' descriptions and the additional facts the police possessed at the time of the arrest, the observation of a young black male, dressed in black with a long-sleeved shirt, having plaited hair, of the same described size, appearing in the vicinity of the crime some three hours later, and pointed out by a woman who reported having seen the suspect prior to the offense leaving her house in the direction of the store across the street, certainly supplied the officers with a justifiable belief that the suspect had committed the crime. Therefore, the search of the defendant was conducted pursuant to a legal arrest supported by probable cause. State v. Rawls, 376 So.2d 117 (La.1979); State v. Taylor, 347 So.2d 172 (La.1977); State v. Robinson, 342 So.2d 183 (La.1977).
This assignment is without merit.
ASSIGNMENTS OF ERROR NOS. 3 and 4
By these assignments of error the defendant argues that the trial court erred in allowing the prosecutor to ask two police officers testifying for the state if the defendant had been advised of his constitutional rights at the time of his arrest. Defendant submits that such a line of questioning is necessary and relevant only if the state seeks to lay a predicate for the introduction of written or oral statements or confessions made by the defendant. See La.C.Cr.P. art. 703; La.R.S. 15:451-52. Because the state in this case had no such material in its possession, defendant argues that the only purpose and effect of this questioning was to draw to the jury's attention the fact that the defendant had remained silent after his arrest. Defense cites Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, and State v. Montoya, 340 So.2d 557 (La.1976), to support his contention that this sort of prosecutorial examination is reversible error.
In Doyle v. Ohio, supra, the United States Supreme Court rule that it was a denial of due process for the state to utilize a defendant's post-arrest silence when cross-examining him at trial in order to impeach his exculpatory trial testimony. The defendant had received the post-arrest warnings mandated by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court in Doyle observed:
The warnings mandated by that case, as a prophylactic means of safeguarding Fifth Amendment rights, see Michigan v. Tucker, 417 U.S. 433, 443-444, 94 S.Ct. 2357, 2363-2364, 41 L.Ed.2d 182 (1974), require that a person taken into custody be advised immediately that he has the right to remain silent, that anything he says may be used against him, and that he has a right to retained or appointed counsel before submitting to interrogation. Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these Miranda rights. Thus, every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested. See United States v. Hale, 422 U.S. at 177, 95 S.Ct. at 2137 [45 L.Ed.2d 99]. Moreover, while it is true that the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives such warnings. [footnotes omitted] 426 U.S. at 617; 96 S.Ct. at 2244, 49 L.Ed.2d at 97.
This Court followed Doyle in State v. Montoya, supra, holding that it was reversible error for the prosecutor to elicit from the arresting officers the fact that the defendant did not respond to police questioning. Defense argues that Montoya governs this case because the prosecutorial examination here is also so prejudicial as to constitute reversible error.
Although we disapprove of the conduct of the prosecuting attorney in this case, we cannot say that the obligue and obscure reference to the defendant's post-arrest silence amount to reversible error. We agree with the defendant that whether he was advised of his rights at the time of arrest was irrelevant. However, the prosecutorial examination did not stress the right to remain silent or attempt to elicit testimony regarding defendant's failure to respond to police questioning. The prosecutorial actions in this case, albeit improper, cannot be *1306 said to have resulted in prejudice to the defense of the accused.
These assignments are without merit.
A review of the three other assignments of error discloses that these contain no reversible error, are governed by well settled rules, and do not require any novel interpretation or application of the law. Publication of our reasons for decision with respect to them is not warranted. Accordingly, our reasons for finding the other assignments without merit are set forth in an unpublished, but publicly recorded, appendix to this opinion.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
AFFIRMED.
LEMMON, J., concurs.