SCHOTT, Chief Judge.
After being convicted of aggravated arson (R.S. 14:51), defendant was sentenced under the Habitual Offender Law, R.S. 15:529.1 to twelve years. On this day, the trial court granted his motion for appeal. On the following day, he was resentenced to serve the twelve years, but for the first two years to be ineligible for parole, probation or suspension of sentence.
We have examined the record for errors patent and find none.
Defendant assigns two errors, both concerning his sentence under the Habitual Offender Law.
By the first assignment, he contends that the trial court was without authority to resentence him after he had already appealed. Defendant was first sentenced to twelve years on June 23, 1988. On the following day, the trial court vacated this sentence and resentenced him to twelve years, this time without the benefit of parole, probation, or suspension of sentence for the first two years as R.S. 14:51 requires.
Although C.Cr.P. art. 882 provides that an illegal sentence may be corrected at *594 anytime by the court that imposed the sentence or by an appellate court on review, an appellate court may not correct an illegally lenient sentence on its own motion in the absence of a complaint by the state. State v. Fraser, 484 So.2d 122 (La.1986). The court reasoned that such a sentence correction would have a chilling effect on the defendant’s right to take an appeal. In the present case, defendant argues that the trial court’s correction of his illegally lenient sentence the day after he took his appeal was in conflict with Fraser’s reasoning.
We do not subscribe to this argument. There is nothing in the record to suggest that the trial court corrected the sentence imposed the previous day because defendant had taken an appeal. It seems clear that the trial court realized it had made a mistake and availed itself of the authority provided by C.Cr.P. art. 882 to correct the sentence and make it comply with the law.
The trial court found that defendant was a second offender based upon a previous conviction in which defendant had pled guilty. By his second assignment of error, defendant contends that the state failed to prove that his plea was voluntary because only a minute entry of the plea was produced. The minute entry reflects that the trial judge had advised defendant of his rights against compulsory self-incrimination, to a trial by jury or judge, and to confront his accusers and that defendant personally waived each of these rights. Defendant does not challenge the accuracy of the minute entry. Under these circumstances, the minute entry was sufficient to prove that he was fully Boykinized when he pled guilty to the predicate offense. State v. Bland, 419 So.2d 1227 (La.1982).
The conviction and sentence are affirmed.
AFFIRMED.