619 So.2d 683 (1993)
STATE of Louisiana, Appellee,
v.
Brian E. MOTEN, Defendant.
No. 92-KA-0365.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1993.
Harry Connick, Dist. Atty., Elizabeth Revere, Asst. Dist. Atty., New Orleans, for appellee. *684 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before CIACCIO, LOBRANO and LANDRIEU, JJ.
LANDRIEU, Judge.
On April 18, 1991, Brian E. Moten was charged by bill of information with possession with intent to distribute cocaine, a violation of La.Rev.Stat.Ann. § 40:967 (West 1992). Probable cause for the arrest of the defendant was found and the motion to suppress the evidence was denied on May 24, 1991. After trial on August 12, 1991, a twelve-member jury found the defendant guilty of possession of cocaine, a lesser included offense. He was sentenced on October 21, 1991 to serve five (5) years at hard labor. The defendant was further sentenced to serve six months in Orleans Parish Prison for contempt of court for talking in the courtroom. This sentence was to be served consecutively with the other sentence imposed in this case.
Pursuant to a multiple bill hearing on November 14, 1991, the trial court vacated the original sentence imposed and resentenced the defendant under the provisions of La.Rev.Stat.Ann. § 15:529.1 (West 1992) to serve to five (5) years at hard labor. On appeal, defense counsel requests a review of the record for errors patent and defendant raises two pro se assignments of error for reversal of his conviction and sentence. We affirm.

FACTS
On March 14, 1991 at about 9:30 p.m., Officers Elfamous Malbrue and Tommy Mercadel, while on routine patrol in a plain white Ford and plain clothes, observed the defendant and an unidentified male outside the Ice House[1] located at 3944 Chef Menteur Highway, New Orleans. As the officers pulled in front of the bar, they noticed that the defendant had currency in his left hand and an unknown object in his right hand, which he appeared to be "showcasing" palms up to the other subject. When the defendant noticed the officers, he closed the palm of his right hand and immediately turned and went into the bar. Exiting their vehicle, Officer Mercadel followed the defendant into the bar and Officer Malbrue detained the other subject outside.
Officer Mercadel observed the defendant walk to the counter, place his right hand on the countertop, release a matchbox, then put his hand back to his side and stand there. After the matchbox was confiscated and found to contain ten pieces of crack cocaine, the defendant was placed under arrest and brought outside. Ninety-nine dollars was seized from his person. When Officer Mercadel advised his partner what had transpired, Officer Malbrue then searched the other subject, who, having no contraband on his person, was released.
Officer William Giblin, an expert in the identification and analysis of controlled dangerous substances, analyzed four of the rocks. The substance tested positive for cocaine.
Irvin Randall, Jr., an acquaintance of the defendant and a neighbor of the defendant's mother, testified that Officer Mercadel stopped and arrested the defendant before he walked over to the bar.

DISCUSSION

ERRORS PATENT
Appellant's counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Her detailed review of both the procedural history and the facts of the case indicate a thorough review of the record. All available transcripts have been reviewed by counsel and she has found no trial court rulings which arguably support the appeal. Since counsel has found that there are no non-frivolous issues to be raised on appeal, she has *685 moved to withdraw. A copy of the brief was forwarded to the appellant, and this Court informed the defendant he had the right to file a brief on his own behalf which he has done.
In accordance with the procedures set forth in State v. Benjamin, this Court has performed an independent, thorough review of the record in this matter. Our independent review reveals no non-frivolous issues, and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, appellant counsel's motion to withdraw is granted.

PRO SE ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the State failed to present sufficient evidence to sustain his conviction beyond a reasonable doubt. Specifically, he argues that his presence in the area where the drugs were found was insufficient to constitute possession.
When evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
According to § 40:967(A)(1), it is unlawful for any person knowingly or intentionally to ... possess with intent to ... distribute... a controlled dangerous substance classified in Schedule II.[2]
Possession of cocaine is a responsive verdict to the charge of possession with intent to distribute cocaine. In State v. Schrader, 518 So.2d 1024 (La.1988), (quoting from State v. Camp, 571 So.2d 195, 200 (La.App. 4th Cir.1990)), the court noted:
The appellate court was correct insofar as it held that, absent a contemporary objection, a defendant may not complain if jurors return with a legislatively approved responsive verdict, whether or not that verdict is supported by the evidence. This court has indicated that such a result both recognizes the legitimacy of a "compromise" verdict and comports with the responsive verdict scheme of La.C.Cr.P. art. 814. State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982). However, and as Elaire made clear, there is an important proviso to this rule: the evidence must be sufficient to sustain a conviction on the charged offense. Id. at 251.
In the instant case, the defendant was not merely in the area of the drugs, but rather, he placed the matchbox on the countertop. Located inside the matchbox were ten rocks of crack cocaine. Moreover, before Moten walked into the bar, he was observed in a drug transaction.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant possessed cocaine with intent to distribute. Accordingly, this assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 2
In his last pro se assignment of error, defendant contends that the trial court erred when it accepted the defendant's conviction for attempted possession of a firearm by a felon as the predicate for purposes of the multiple bill conviction.
A felon in possession of a firearm conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple bill. State v. Hymes, 513 So.2d 371 (La.App. 4th Cir.1987).
In order to avoid a double enhancement, the trial court dropped the attempted simple robbery conviction from the multiple bill.[3] However, the use of the attempted felony firearm conviction to enhance the *686 penalty of his possession conviction was permissible and did not constitute double enhancement.
Having determined the predicate offense did not constitute a double enhancement, we now consider whether the trial court erred when it found the defendant to be a second felony offender.
At the multiple bill hearing, both defense counsel and the defendant stipulated to the defendant's identity as the one previously convicted of attempted possession of a firearm by a convicted felon and simple robbery. Thereafter, the trial court advised the defendant of his right to a hearing, the privilege against self-incrimination, and the right to confront one's witnesses, all of which were waived. The state then put forward proof that the defendant was convicted, pursuant to a guilty plea on June 18, 1990, of attempted possession of a firearm by a felon. Because the state presented only a minute entry, defense counsel objected that the proof of Boykinization on the predicate plea was insufficient.
Although a transcript of the colloquy between the trial court and the defendant is the preferred evidence proving that the defendant knowingly waived his rights by pleading guilty, it is not indispensable when the record contains other evidence of a proper waiver of these rights. State v. Nuccio, 454 So.2d 93 (La.1984). Sufficient proof that the defendant was fully Boykinized when he pled guilty to the predicate offense exists where a minute entry reflects that the trial judge had advised the defendant of his rights against compulsory self-incrimination, to a trial by jury or judge, and to confront his accusers and that the defendant personally waived each of these rights. State v. Bland, 419 So.2d 1227 (La.1982); State v. Dawson, 560 So.2d 593 (La.App. 4th Cir.1990).
The minute entry from the predicate guilty plea read as follows:
The Defendant appeared before the bar of the Court attended by counsel, and through counsel withdrew the former plea of not guilty and entered a plea of guilty TO LESSER CHARGE OF FELON WITH ATTEMPT POSSESSION OF FIREARM. The Court interrogated the defendant as to the right to have a trial by jury, the right to face his accusers, the right against self-incrimination and the right to an appeal and the defendant answered in the affirmative and announced to the Court he understood the rights set before him. (Emphasis in original).
Here, the minute entry was sufficient to prove the defendant was fully Boykinized when he pled guilty to the predicate offense. Therefore, the trial court did not err when it adjudicated the defendant to be a second offender. Accordingly, this assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The Ice House is a long building which houses a restaurant, an ice supply outlet, a check cashing window, and a bar.
[2] Cocaine is classified as a Schedule II substance.
[3] Although the trial court dropped the attempted simple robbery conviction, it was never listed in the multiple bill.