GARRISON, Judge.
The defendant, Howard Barnes, was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967. After waiving his right to a jury trial and later being found guilty as charged by the trial judge, the defendant was originally sentenced to five years at hard labor. This sentence was later vacated when defendant was found to be a multiple offender at which time he was resen-tenced to ten years at hard labor. Defendant appeals.
On March 30, 1985, Tyronne Tedesco, a New Orleans police officer, was driving an unmarked car near the intersection of Erato and South Rampart Streets. Officer Tedesco testified that as he approached the intersection, he was flagged down by Mr. Lucien Watson who offered to purchase cocaine for him. Watson indicated that the defendant, who was standing on the corner, was his supplier. Tedesco was told by Watson to leave the area but to return shortly. At that time, Tedesco radioed to other nearby officers for assistance. He then returned to the Erato-South Rampart intersection where he was approached by both Watson and the defendant. Tedesco handed the defendant money and the defendant handed him a clear package containing white powder. The police department crime lab later identified this substance as cocaine. Tedesco then gave descriptions of Watson and the defendant to the other police officers who he had previously radioed and those officers stopped the two men shortly thereafter. After Ted-esco returned to the scene and identified the two men as the perpetrators of the drug transaction, the men were arrested.
On appeal, the defendant contends that the trial court erred in finding him to be a second felony offender when the his predicate conviction was being a convicted felon in possession of a firearm, a violation of LSA-R.S. 14:95.1. According to the defendant, a conviction for 14:95.1 may not be used as a predicate conviction for purposes of enhancing a defendant’s sentence pursuant to LSA-R.S. 15:529.1. Defendant makes this argument despite the case of State v. Jackson, 438 So.2d 730 (La.App. 4th Cir.1983), writ denied, 442 So.2d 460 (La.1983), which allowed the enhancement of a sentence for a possession of heroin conviction based on a previous conviction of R.S. 14:95.1. In the present case, the defendant submits that the Jackson case was *568 decided incorrectly and should be overruled.
In the Jackson case, this court noted that the cases of State v. Williams, 358 So.2d 943 (La.1978) and State v. Sanders, 337 So.2d 1131 (La.1976) proscribed the enhancement of the penalty for a violation of R.S. 14:95.1 under the Habitual Offender Law, R.S. 15:529.1. These cases reasoned that because 14:95.1 provides for penalty enhancement if a person convicted of carrying a concealed weapon is a convicted felon, further enhancement under the Habitual Offender Law would result in double enhancement of the defendant’s sentence. However, in Jackson, this court found that those cases do not preclude the use of a previous conviction for a violation of R.S. 14:95.1 as the basis for the enhancement of a sentence for a subsequent conviction.
We conclude that the reasoning of Jackson is correct and should not be overruled. Therefore, the trial judge correctly allowed the defendant’s sentence for distribution of cocaine to be enhanced on the basis of a predicate conviction of R.S. 14:95.1. For these reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.