513 So.2d 371 (1987)
STATE of Louisiana
v.
Joseph R. HYMES.
Nos. KA-6601 C/W, KA-6891.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
*372 William F. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia I. Edwards, Asst. Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT and GARRISON, JJ., and CADE, J. Pro Tem.
GARRISON, Judge.
The defendant, Joseph R. Hymes, was charged by bill of information with possession of pentazocine with intent to distribute, a violation of LSA-R.S. 40:967. He was found guilty as charged by a jury and was originally sentenced to four years at hard labor. Subsequently, the defendant was found guilty of being a fourth offender. His original sentence was vacated and he was resentenced to twenty-five years at hard labor with credit for time served. The defendant now appeals his enhanced sentence.
On June 24, 1986 at approximately 3:30 p.m., a New Orleans police officer established surveillance for narcotics transactions at the corner of Orleans and North Claiborne Avenues by the "Top of the Duke" liquor store. Shortly thereafter, the police officer observed a male on a bicycle approach the defendant in the front of the liquor store. The two men briefly conversed and the man on the bicycle handed some money to the defendant. The defendant then walked inside the liquor store, removed a matchbox from the cigarette machine and gave something in the matchbox to the man on the bicycle who then left the area.
Later in the day, the police officer observed a woman who approached the defendant and handed money to him. The defendant again retrieved the matchbox from the cigarette machine and gave an object to another man. The police officer radioed a description of this other man and as another officer approached him, the man *373 discarded a package which was retrieved and later determined to be pentazocine. This man was placed under arrest and returned to the liquor store where the defendant and the woman were also placed under arrest after the matchbox from the cigarette machine was confiscated and found to contain pentazocine.
On appeal, the defendant argues that the trial court erred in finding him to be fourth felony offender. The defendant was found to be a fourth offender on the basis of three prior convictions: two for armed robbery and one for being a convicted felon in possession of a firearm. Specifically, the defendant argues that his adjudication as a fourth offender should be reversed for the following reasons: 1) the use of the firearm conviction for enhancement purposes constituted double enhancement; 2) the guilty plea for the firearm conviction was not shown to have been freely and voluntarily made and 3) the State failed to prove that less than five years had elapsed between the defendant's discharge from custody for his prior convictions and the commission of the subsequent offenses.
Defendant's first argument has merit. In State v. Jackson, 438 So.2d 730 (La.App. 4th Cir.1983), writ denied, 442 So.2d 460 (La.1983), this Court held that the use of a conviction for possession of a firearm by a convicted felon, LSA-R.S. 14:95.1, to enhance the penalty of a subsequent felony conviction is permissible and does not constitute double enhancement. Furthermore, in State v. Davis, 499 So.2d 1311 (La.App. 4th Cir.1986) and in State v. Barnes, 503 So.2d 567 (La.App. 4th Cir.1987), this Court rejected arguments that Jackson be overruled.
Although we again reject the argument that Jackson be overruled, we add to that holding the stipulation that a 14:95.1 conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple bill.
In Jackson, Davis and Barnes, supra, only 14:95.1 convictions were used as predicate offenses for purposes of sentence enhancement pursuant to LSA-R.S. 15:529.1. In the instant case, the defendant's sentence was enhanced on the basis of two prior armed robbery convictions and a conviction for being a convicted felon in possession of a firearm. Because one of defendant's armed robbery convictions was the underlying felony used as an element of his firearm conviction, the State cannot now use both of these convictions (and the second armed robbery conviction) to enhance defendant's sentence pursuant to 15:529.1. Because this constitutes impermissible double enhancement, defendant's enhanced sentence must be vacated.
In defendant's second argument, he contends that his prior guilty plea for his conviction of possession by a felon of a firearm should not have been used as a predicate offense for enhancement of his present conviction because he was not adequately advised of his right against self-incrimination before he entered his guilty plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
In the colloquy in which the guilty plea in question was made, the trial judge asked the defendant:
"You understand that you have a right to trial by jury and you have the right to an appeal, and by entering a plea of guilty in this case you are waiving your right to trial by jury and appeal?" "You understand that by pleading guilty that you're waiving your right to confront and cross-examine the witnesses who accuse you of the crime you're charged with?" "Also, you are waiving your right to compulsory process of the Court to require witnesses to appear and testify in your case?" and "Also, you are waiving your privilege against self-incrimination because by pleading guilty by testifying in this fashion in open court you are actually incriminating yourself. And that is your desire to waive your privilege against self-incrimination?" (Sen. Tr. 3/18/80, p. 3)
Additionally, the defendant signed a detailed guilty plea form outlining his waiver of trial and of his privilege against self-incrimination. *374 Under these facts, we conclude that the defendant was adequately advised of his right against self-incrimination.
Finally, the defendant argues that the State failed to prove that less than five years elapsed between the defendant's discharge from custody for his prior convictions and the commission of his subsequent offenses. LSA-R.S. 15:529.1(C) states that if five years have elapsed between the expiration of the maximum sentence or sentences for a conviction and the time of the commission of the next felony, the previous conviction cannot be used to enhance a sentence pursuant to the habitual offender law. The Louisiana Supreme Court has held that the "maximum sentence" referred to in the above-cited statute was not necessarily the sentence imposed by the trial court, but was the actual sentence served whether it was diminished by good time or increased by revocation of parole or probation. State v. Anderson, 349 So.2d 311 (La.1977).
Defendant's three prior convictions occurred in 1967, 1970 and 1980. At the multiple bill hearing in the instant case, the State introduced evidence of the sentences imposed on the defendant for each of these three prior convictions; i.e. five years for the first armed robbery conviction, fifteen years for the second armed robbery conviction and five years for the firearm conviction. However, no evidence was presented by the State as to when the defendant was actually discharged from prison for any of these convictions. Because the defendant could have been released early from any or all of these sentences, the State failed to establish conclusively that the five year cleansing period did not elapse. State v. Mistretta, 490 So.2d 462 (La.App. 4th Cir.1986).
We affirm the defendant's conviction. However, we vacate defendant's enhanced sentence because the use of defendant's 14:95.1 conviction and the underlying felony for that conviction in the multiple bill constituted impermissible double enhancement. Furthermore, the failure of the State to conclusively establish that the five year cleansing period of 15:529.1(C) elapsed also requires that this enhanced sentence be vacated. We remand this case to the trial court for resentencing.
CONVICTION AFFIRMED; ENHANCED SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.