913 So.2d 836 (2005)
STATE of Louisiana
v.
David E. SMITH.
No. 2005-KA-0375.
Court of Appeal of Louisiana, Fourth Circuit.
July 20, 2005.
*837 Eddie J. Jordan, Jr., District Attorney, Yolanda J. King, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE:
On August 6, 2004, the defendant, David E. Smith, was charged by bill of information with one count of attempted first degree murder of a police officer in violation of La. R.S. 14:(27)30; one count of possession of crack cocaine in violation of La. R.S. 40:967(C); one count of aggravated escape in violation of La. R.S. 14:110(B); *838 and two counts of possession of a stolen vehicle in violation of La. R.S. 14:69.1. The defendant pled not guilty to all counts at his arraignment on August 16, 2004. On the same date, the defendant file suppression and discovery motions as well as a motion for preliminary hearing. A preliminary and suppression hearing was conducted on September 2, 2004. The trial court found probable cause and denied the suppression motions. On September 29, 2004, the State nolle prosequied the two counts of possession of a stolen vehicle. On the same date, a jury trial was held on the other counts. The defendant was found guilty as charged on the possession of crack cocaine count, guilty of simple escape on the aggravated escape charge, and guilty of aggravated battery on the attempted murder charge. On October 29, 2004, the State filed a multiple bill of information alleging defendant to be a quadruple offender. The defendant pled not guilty to the multiple bill. After a hearing on the multiple bill, the defendant was adjudicated a quadruple offender. The trial court sentenced defendant on the aggravated battery conviction to thirty years at hard labor as a multiple offender. The defendant was sentenced to five years at hard labor on the conviction for possession of cocaine; said sentenced to be served concurrently with the sentence on the aggravated battery conviction. The defendant was sentenced to five years at hard labor on the conviction for simple escape; said sentence to be served consecutively to the sentences imposed on the aggravated battery and possession of cocaine convictions.[1]

ERRORS PATENT
A review of the record for errors patent reveals none.

STATEMENT OF FACT
The Defendant's sole assignment of error relates to his adjudication as quadruple multiple offender. Therefore, we find it unnecessary to relate the details of the circumstances that led to his arrest and conviction for aggravated battery, possession of cocaine and simple escape.

DISCUSSION ASSIGNMENT OF ERROR NUMBER 1
While the defendant alleges only one assignment of error, he asserts five arguments in support of the assignment of error. The defendant claims that the State could not meet its burden of proving that he was a quadruple offender. His first argument in support of this allegation is that the multiple bill procedure and evidence were insufficient. The defendant contends that under La. Const. Art. 1, Section 15 and La.C.Cr.P. article 382, the State should have sought a grand jury indictment on the issue of the multiple bill as he could have been sentenced to life imprisonment as a quadruple offender under the multiple bill. However, La. Const. Art. 1, Section 15 and La.C.Cr.P. article 382 applies only to substantive offenses, not to multiple bill proceedings. State v. Jolla, 337 So.2d 197 (La.1976); State v. Alexander, 325 So.2d 777 (La.1976); State v. Delandro, 2001-2514 (La.App. 2 Cir. 5/10/02), 818 So.2d 1011. Further, the defendant did not receive life imprisonment; he was sentenced to thirty years at hard labor as a quadruple offender.
*839 The defendant also argues that he was entitled to a jury trial on the issue of his multiple offender status. He suggests that the multiple offender statute violates the Fourteenth and the Sixth Amendments to the U.S. Constitution because the statute allows a sentence to be increased beyond the statutory maximum without requiring the fact of the prior convictions to be submitted to the jury and proved beyond a reasonable doubt. The defendant relies upon the recent United States Supreme Court case of Shepard v. U.S., 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), in which the Court held that a sentencing court cannot look to police reports in making "generic burglary" decisions under the Armed Career Criminal Act. In its opinion, the Court noted that the issue raised
The concern underlying Jones and Apprendi: the Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of a state, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence. While the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones and Apprendi, to say that Almendarez-Torres[ v. U.S., 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)] clearly authorizes a to resolve the dispute. The rule of reading statutes to avoid serious risks of unconstitutionality, see Jones, supra, at 239, 119 S.Ct. 1215, therefore counsels us to limit the scope of judicial factfinding on the disputed generic character of a prior plea, just as Taylor constrained judicial findings about the generic implication of a jury's verdict.
We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

Shepard, 125 S.Ct. at 1262-1263.
The defendant contends that the Shepard, along with Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), require that there be a jury trial on the issues of identity, ten year lapse, whether the predicate offenses occurred before the present offense, and whether the predicate offense fit the enumerated aggravating convictions. In Apprendi, the U.S. Supreme Court stated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435. This rule was recently reiterated by the U.S. Supreme Court in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The United States Supreme Court clearly made an exception for prior convictions. Thus, under Apprendi the defendant's prior convictions were not required to be submitted to a jury. In addition, all the issues raised by the defendant concerning the predicate offenses can be determined by reviewing the documents submitted in support of the *840 multiple bill of information. Defendant's argument is without merit.
The defendant further complains that the due process requirements of La. R.S. 15:529.1 were not followed. He argues that the State failed to provide him with the documents concerning the predicate offenses prior to the multiple bill hearing and the trial court failed to provide written reasons for its decision. La. R.S. 15:529.1 D(1)(a) requires that, upon the filing of the multiple bill of information, "the court shall cause the person, . . ., to be brought before it and shall inform him of the allegation contained in the information and his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." If the defendant does not admit to the allegations, the court must give him fifteen days to file any objections and shall set the matter for a hearing. In the case at bar, the defendant was arraigned and pled not guilty to the multiple bill. He filed a motion to quash the multiple bill and a full hearing was held. Thus, the requirements for an arraignment, an opportunity to file objections, and a hearing were met in this case.
Further, nothing in La. R.S. 15:529.1 requires that the state have its evidence in hand at the time of a defendant's arraignment on the multiple bill, and the defendant cites no authority for that contention. The state is not required to provide documents to a defendant at arraignment. State v. Williams, 2002-2189 (La.App. 4 Cir. 6/4/03), 849 So.2d 799.
The defendant complains that the trial court failed to issue written reasons for its judgment. As the defendant failed to object to the lack of written reasons, this argument is without merit. La. C.Cr.P. article 841.
Defendant's fourth argument concerns the State's alleged failure to prove the predicate offenses. He also suggests that the prior conviction for second offense marijuana conviction could not be used as a predicate offense. He also contends that the State failed to prove the sufficiency and validity of the prior guilty pleas.
The Louisiana Supreme Court set forth the burden of proof in habitual offender proceedings in State v. Shelton, 621 So.2d 769, 779-780 (La.1993):
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. [Footnote omitted]. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin[ v. *841 Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] rights.
The Court in Shelton minimized the burden on the state by requiring it only to produce a minute entry of a guilty plea which must also demonstrate that the defendant was represented by counsel.
La. R.S. 15:529.1(C) states that the provisions of the Habitual Offender Law shall not be applicable "where more than ten years have elapsed since the expiration of the maximum sentence or sentences of the previous conviction or convictions ... and the commission of the last felony for which he has been convicted." It is the date of actual discharge from supervision from the Department of Corrections that determines the expiration of the previous sentence. State ex rel. Wilson v. Maggio, 422 So.2d 1121, 1123 (La.1982); State v. Collins, XXXX-XXXX (La.App. 4 Cir. 8/21/02), 826 So.2d 598.
However, although the State generally has the burden of proving that the ten-year period has not expired, the State need not prove the discharge date when less than ten years have elapsed between the last conviction and the subsequent conviction. Collins; State v. Tucker, 95-0030 (La.App. 4 Cir. 9/18/96), 682 So.2d 261.
Proof of identity can be established through a number of ways, including expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding. State v. Isaac, 98-0182 (La.App. 4 Cir. 11/17/99), 762 So.2d 25. It is sufficient to match fingerprints on an arrest register to a defendant, and then match the arrest register to a bill of information and other documents evidencing conviction and sentence; this can done through a date of birth, social security number, bureau of identification number, case number, specifics and details of the offense charged, etc. See State v. Payton, 2000-2899 (La.3/15/02), 810 So.2d 1127; State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321.
In the present case, the State alleged defendant had three prior convictions: possession of a stolen vehicle valued over five hundred dollars, attempted possession of cocaine and possession of marijuana, second offense. In regards to the conviction for possession of a stolen vehicle, the State produced the bill of information, the waiver of rights form, the docket master, the minute entry of the guilty plea and the arrest register. These documents show that the defendant was arrested on July 16, 1996, for possession of a stolen vehicle. He was charged with the offense on September 13, 1996, by bill of information. The defendant pled guilty as charged on September 19, 1996, and was sentenced to one year at hard labor. The sentence was suspended and the defendant was placed on probation for eighteen months. The waiver of rights form and minute entry indicate that the defendant was represented by counsel and fully advised of his rights prior to pleading guilty.
The State introduced the bill of information, the multiple bill of information, the docket master, the minute entry and the arrest register to prove the defendant's conviction for attempted possession of cocaine. The documents reveal that on September 28, 1998, the defendant was arrested for possession of cocaine. He was charged with possession of cocaine in a bill of information filed on October 1, 1998. The defendant was found guilty of attempted possession of cocaine after a bench trial on March 22, 2000. The State filed a multiple bill on the same date. The defendant admitted the prior conviction and was sentenced to fifteen months at hard labor. The docket master and minute entry indicate that the defendant was represented by counsel and advised of his rights.
*842 The State filed the bill of information, the docket master, the arrest register, the screening action form, the waiver of rights form, and the minute entry of the guilty plea to prove the defendant's conviction for possession of marijuana, second offense. The documents reveal that the defendant was arrested on February 28, 2002, for possession of marijuana. The defendant was charged with possession of marijuana, second offense by bill of information on March 22, 2002. The bill of information stated that the defendant had previously been convicted of possession of marijuana in case number 378-145 "J" of the Criminal District Court of Orleans Parish. The defendant pled guilty as charged on April 10, 2002, and was fined $500.00 payable to JEF and $150.00 to OIDP. The waiver of rights form and minute entry indicate that the defendant was represented by counsel and fully advised of his rights prior to entering the guilty plea.
At the multiple hearing, Officer Jon Steele took defendant's fingerprints and compared them to the fingerprints on the bills of information and arrest registers for the three prior convictions. He testified that the defendant's fingerprints matched the fingerprints found on the arrest registers and the bills of information.
These documents and the testimony of Officer Steele prove that the defendant was a quadruple offender. The State met its burden of proving the validity of the guilty pleas, the defendant's identity, and the fact that less than ten years elapsed between convictions.
Further, the defendant's argument that the conviction for possession of marijuana, second offense, cannot be used in the multiple bill is without merit. The defendant relies upon the jurisprudence set forth in State v. Hymes, 513 So.2d 371 (La.App. 4 Cir.1987) and State v. Harrison, 32,643 (La.App. 2 Cir. 10/27/99), 743 So.2d 883. In Hymes, this Court held that the use of both a La. R.S. 14:95.1 conviction (carrying of firearm by a convicted felon) and the underlying felony conviction for 15:529.1 purposes constitutes double enhancement. The Second Circuit in Harrison held that the use of a possession of marijuana, second offense conviction and its underlying conviction for enhancement under La. R.S. 15:529.1 constitutes double enhancement. Hymes and Harrison are easily distinguished from the present case. In the case at bar, the underlying conviction for defendant's conviction of possession of marijuana, second offense, is not being used for enhancement under La. R.S. 15:529.1. Defendant's status as a quadruple offender is based upon the defendant's prior convictions for possession of a stolen vehicle, attempted possession of crack cocaine, and possession of marijuana, second offense.
Defendant's argument is without merit.
Lastly, the defendant argues that his sentence is excessive. Under La. C.Cr.P. art. 881.1, a defendant may file a motion for reconsideration of sentence within thirty days following the imposition of sentence. The motion shall be oral if made at the time of sentencing or written if made thereafter, and it shall set forth the specific grounds on which it is based. La.C.Cr.P. art. 881.1 A(2). Absent the filing of a timely written motion for reconsideration of sentence or making of an oral objection at the sentencing hearing, a defendant is precluded from urging on appeal any ground of objection to the sentence. See La.C.Cr.P. art. 881.1(D). As the defendant failed to object or file a motion to reconsider sentence, he is precluded from raising the issue on appeal. The defendant's appellate counsel's suggestion, that defendant's statement made at the conclusion of the hearing that he *843 wished to appeal was sufficient to preserve the issue, is without merit.

CONCLUSION
For the reasons stated above the defendant's convictions and sentence as a multiple offender are affirmed.
AFFIRMED.
NOTES
[1] The minute entry of November 11, 2004, states that the defendant was sentenced on the cocaine conviction under the multiple bill of information. However, the hearing transcript reveals that the trial court sentenced the defendant under the multiple bill on the aggravated battery conviction. When there are discrepancies between a transcript and a minute entry or commitment form, the transcript prevails. State v. Fenner, 94-1498 (La. App. 4 Cir. 11/16/95), 664 So.2d 1315.