DREW, J.
| ^onolo Anton Baker has appealed his adjudication and sentence as an habitual offender, contending that his habitual offender conviction was an impermissible double enhancement of a previous penalty. We affirm.
BAKER’S RELEVANT CRIMINAL HISTORY
• Aggravated Battery Conviction on December 16, 1996;
• Felony Possession of Stolen Things Conviction on September 13,1999;
• Possession of a Firearm by a Convicted Felon Conviction on January 27, 2005; and
• Habitual Offender adjudication (at issue) on July 25, 2005.
*367 PROCEDURAL HISTORY
Using his December 16, 1996, conviction of aggravated battery as a predicate, the state charged Baker with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1, to which Baker entered a guilty plea as charged on January 27, 2005. On March 16, 2005, the trial court sentenced Baker to 11½ years’ imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. on the firearm conviction.
The state then filed an habitual offender bill pursuant to La. R.S. 15:529.1, based upon Baker’s firearm violation and the September 13, 1999, conviction for felony possession of stolen things. The court adjudicated Baker a second felony offender following a July 25, 2005, hearing. The trial court vacated the initial sentence for being a felon in possession, and instead sentenced Baker to 15 years at hard labor without the benefit of probation, parole, or suspension of sentence.
^DISCUSSION
In Baker’s view, the trial court erroneously adjudicated him a multiple offender by improperly basing the adjudication on his conviction as a felon in possession of a firearm under La. R.S. 14:95.1, declaring this an impermissible double enhancement of his conviction as a felon in possession under 14:95.1.
In this matter, two separate underlying (prior) felonies were utilized as predicates by which to support Baker’s felony firearm conviction and his habitual offender adjudication. The state argued that enhancement under La. R.S. 15:529.1 was allowable. No “double enhancement” occurred because the 1996 aggravated battery conviction supported Baker’s firearm violation, while the 1999 possession of stolen things conviction was used to support the habitual offender charge.
Baker relied upon State v. Sanders, 337 So.2d 1131 (La.1976), and State v. Firmin, 354 So.2d 1355 (La.1978). In Sanders, supra, a 1955 armed robbery conviction, a 1961 armed robbery conviction, and a 1970 attempted simple burglary were used as predicates in a 1975 conviction for possession of a concealed weapon by a convicted felon. The same two armed robbery convictions and the attempted simple burglary conviction were used to support a multiple offender indictment. In affirming the quashing of the multiple offender indictment, Justice Calogero wrote:
[W]e find that the penalty provisions enacted in R.S. 14:95.1 (felon in possession) were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant’s previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure (habitual offender proceedings) Uto remain available as a vehicle for further enlargement of the penalty.
Sanders, 337 So.2d at 1135.
The habitual offender law, La. R.S. 15:529.1, does not expressly define restrictions on which crimes may serve as predicates for certain status crimes. Sanders, supra, held that where the legislature does not demonstrate an express intent for additional enhancement through multiple billing, the law is to be strictly construed in the light most favorable to the defendant. In the absence of express legislative intent, doubt should be resolved in favor of leniency, and the court should not multiply the penalty imposed on the defendant. See State v. Cox, 344 So.2d 1024 (La.1977), where the court declined to permit an enhanced penalty for felony simple escape from the Department of Corrections to be used to support an habitual offender bill.
*368 In Fimiin, supra, Firmin was convicted under La. R.S. 14:95.1 (felon in possession) based upon an earlier conviction for possession of narcotics. The state filed a second offender (habitual offender) bill under La. R.S. 15:529.1 based upon the felon in possession conviction and a federal conviction of violation of the Federal Gun Control Act of 1968. In a opinion, the supreme court relied upon Sanders, supra, to rule that the state could not rely upon a conviction under La. R.S. 14:95.1 (felon in possession) to charge the defendant as a multiple offender.
In State v. Hymes, 513 So.2d 371 (La.App. 4 Cir.1987), the Fourth Circuit stated that a felon in possession violation could support an habitual offender conviction so long as the same underlying felony was not used to Lsupport both. Hymes had two armed robbery convictions plus a conviction as a felon in possession. Following a conviction for possession with intent to distribute drugs, Hymes was convicted as a fourth felony offender. The Hymes court explained that the use of a conviction for possession of a firearm by a convicted felon, La. R.S. 14:95.1, to enhance the penalty of a subsequent felony conviction is permissible and is not double enhancement as long as the underlying felony used as an element of the firearm conviction is not also used as an element of the multiple offender bill. Because one of Hymes’ armed robbery convictions had been used to support both the felon in possession and the habitual offender convictions, the court found an impermissible double enhancement and set aside the enhanced sentence. Hymes, supra.
In State v. Harrison, 32,643 (La.App.2d Cir.10/27/99), 743 So.2d 883, writ denied, 99-3352 (La.6/30/00), 765 So.2d 327, this court vacated Harrison’s enhanced sentence as a third felony offender. The adjudication was based upon Harrison’s 1987 conviction for distribution of marijuana, a 1994 conviction for possession of marijuana, second offense, and his conviction for distribution of cocaine. Citing Hymes, supra, the court noted that the distribution of marijuana, second offense, required proof of the predicate offense, distribution of marijuana, which resulted in a double enhancement.
Following convictions for possession of crack cocaine, simple escape and aggravated battery, the defendant in State v. Smith, 2005-0375 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, was convicted as a quadruple | soffender. The habitual offender conviction was based upon earlier convictions for possession of a stolen vehicle over $500; possession of marijuana, second offense; and attempted possession of cocaine. The Fourth Circuit rejected Smith’s argument that his multiple offender conviction resulted from a double enhancement of his conviction for possession of marijuana, second offense. The opinion distinguished Hymes and Harrison because the underlying offense for Smith’s conviction of distribution of marijuana, second offense, was not used to support his habitual offender conviction.
In State v. Iverson, 37,369 (La.App.2d Cir.9/24/03), 855 So.2d 835, writ denied, 2003-2950 (La.5/14/04), 872 So.2d 510, this court found no double enhancement because the predicate crime was only used to support the conviction of possession of cocaine, second offense, and not the subsequent habitual offender bill. Following his conviction for possession of cocaine, second offense, Iverson was adjudicated a third felony offender. The conviction for possession of cocaine, second offense, was based upon a 1997 conviction for possession of cocaine. His multiple offender conviction was based upon a July 1993 conviction for possession of stolen things, a December 1997 conviction of distribution *369 of cocaine, and the present conviction of possession of cocaine, second offense. Since the predicate offense was not used to support the habitual offender adjudication, no impermissible double enhancement occurred.
Citing Iverson, supra, this court in State v. White, 39,634 (La.App.2d Cir.6/16/05), 907 So.2d 180, writ denied, 2005-2097 (La.3/10/06) 925 So.2d 510, noted that the prohibition against double enhancement does not apply to the use of multiple offender proceedings as long as the same offense is not used twice to enhance the penalty imposed. After the defendant was adjudicated a fifth felony offender, the court held that La. R.S. 14:64.3 (use of firearm in armed robbery) is not a status offense because it contemplates no use of a prior felony for conviction. Because no underlying felony underpinned the 14:64.3 conviction, its use in supporting White’s multiple offender adjudication was not a double enhancement.
Using his December 16, 1996, conviction of aggravated battery, the state charged Baker with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1, and Baker entered a guilty plea. Based upon Baker’s firearm violation and the September 13,1999, conviction for felony possession of stolen things, Baker was adjudicated an habitual offender pursuant to La. R.S. 15:529.1. No impermissible double enhancement occurred in Baker’s case. Although Baker faced a maximum sentence of 22 years, the trial court sentenced Baker to serve 15 years as a second felony offender to be served without parole, probation, or suspension of sentence. No error occurred.
DECREE
For the preceding reasons, we affirm the habitual offender adjudication and the sentence.
AFFIRMED.