989 So.2d 816 (2008)
STATE of Louisiana
v.
Roger L. SMITH.
No. 2007-KA-1432.
Court of Appeal of Louisiana, Fourth Circuit.
July 2, 2008.
*817 Keva Landrum-Johnson, District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, for Appellant.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD, Judge Pro Tempore MOON LANDRIEU).
EDWIN A. LOMBARD, Judge.
The defendant, Roger Smith, appeals the sentence resulting from his adjudication as a multiple offender, arguing that both La.Rev.Stat. 15:529.1 and the resulting sentence (which exceeds the statutory maximum for the charged offense) violates the Sixth Amendment of the U.S. Constitution.

Relevant Facts and Procedural History
On January 6, 2006, the defendant was charged by bill of information with one count of armed robbery, a violation of La. Rev.Stat. 14:64.[1] The defendant pleaded not guilty at his arraignment on May 4, 2006, and the following evidence was adduced at the trial which commenced May 21, 2007, before a twelve-person jury.
On December 13, 2005, at approximately 8:30 p.m., Jason Jones and his mother Raquel Sanchez left the Port of Call restaurant on Esplanade Avenue in New Orleans after having dinner. The two began walking down Esplanade toward Chartres Street to the bed and breakfast which had been Ms. Sanchez's since Hurricane Katrina. As they walked, they noticed a man, later identified as the defendant, facing a building. Mr. Jones became suspicious, so he directed his mother to cross the street. The defendant followed them, and as they tried to walk faster, he quickened his pace. Finally, at the corner of Chartres and Esplanade, the defendant accosted the pair, demanding that Ms. Sanchez give him her purse. Both Ms. Sanchez and Mr. Jones noticed that the defendant was holding something in his hand, although neither could tell what it was. Mr. Jones told his mother to run while he began to struggle with the defendant to keep him away from her; at the same time Mr. Jones tried to stay to the side of the defendant because he did not know what type of weapon he had. As the two men struggled, Ms. Sanchez came back to try and help her son. At one point, Mr. Jones was thrown to the ground by the defendant, who then grabbed the purse Ms. Sanchez had on her shoulder. She resisted him, and he struck her face. When Mr. Jones saw that his mother had been hit, he grabbed the defendant around the throat from the rear. This time Mr. Jones was able to pin the defendant to the ground with the assistance of a man, never identified, *818 who had responded to Ms. Sanchez's cries for help. Someone else called 911.
Two police officers from the Eighth District responded to the 911 dispatch of a possible armed robbery. Officer Theophelius Kent and his partner Officer Marcel Foxworth testified at trial that, when they arrived on the scene in the 1400 block of Chartres, they observed a male, later identified as Jason Jones, holding the defendant on the ground. They observed an elderly lady nearby who was bleeding from the side of her face. Nearby the officers found a metal wrench. At the spot underneath the defendant they found a green purse which Ms. Sanchez later identified as the one the defendant grabbed from her. At trial Ms. Sanchez identified the wrench as the object which the defendant had been holding when he robbed and hit her. She also testified that the injury required five stitches behind her ear.
Detectives Sean Ferguson and John Duzac of the Eighth District conducted the follow-up investigation at the scene and at the station. On the scene, Detective Ferguson read the defendant his rights from a card he always carried. When the defendant indicated that he was willing to waive those rights and make a statement, he was transported to the Eighth District station. There the detectives provided the defendant with a written waiver of rights form, which the defendant executed. He then gave a written statement in which he admitted that he robbed Ms. Sanchez because he needed money.
At trial both Ms. Sanchez and her son identified the defendant as the person who robbed her. Also testifying was Nelishka Calloway, a 911 operator, who explained how 911 calls were handled. The 911 tape of the call regarding this robbery was played for the jury. However, because Ms. Calloway was not the operator who handled the call, nor the custodian of the tape, the State also called Civilian Officer Cheryl Jacobs as a witness. Officer Jacobs stated that she was a supervisor of dispatchers and 911 operators and, as such, the custodian of 911 records.
The defense presented no witnesses.

Errors Patent
A review of the record for errors patent reveals one. When the trial court imposed the mandatory sentence of life imprisonment on the defendant as a third offender, based on the fact that the instant conviction and his two prior convictions were crimes of violence, it failed to restrict his sentence as to parole, probation, or suspension of sentence as required by La. Rev.Stat. 15:529.1(A)(1)(b)(ii). However, in State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790, the Louisiana Supreme Court determined that in instances where the sentence restrictions are not recited at sentencing, La.Rev.Stat. 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with the statute. Thus, we need not take any corrective action as to this error.

Discussion
In his first assignment of error, the appellant argues that his life sentence as a third offender is unconstitutional because it was based upon factors that were not presented to a jury in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Sixth Amendment. However, this claim has already been considered and rejected by this court in State v. Smith, XXXX-XXXX, *819 pp. 3-5 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, 839-840; see also State v. Wilson, XXXX-XXXX (La.App. 4 Cir. 3/28/07), 956 So.2d 41; State v. Dozier, XXXX-XXXX (La. App. 4 Cir. 12/20/06), 949 So.2d 502, writ denied XXXX-XXXX (La.9/28/07), 964 So.2d 350. Because Apprendi specifically excluded multiple offender proceedings from its holding, this assignment of error has no merit.
Furthermore, with regard to counsel's note in the appellant's brief that the issue is being raised for the purpose of preserving review in the U.S. Supreme Court, we observe that the issue of the right to a jury trial was not raised at the multiple offender hearing, nor prior to the hearing as no motion to quash the multiple bill was ever filed, and no mention of the issue was made in the motion to reconsider sentence. Accordingly, it is questionable whether the issue has been preserved for future review. See State v. Wilson, XXXX-XXXX (La.App. 4 Cir. 3/28/07), 956 So.2d 41 (failure to raise an objection relating to the multiple offender proceeding or sentence at the trial court level precludes review on appeal).
On June 4, 2008, the appellant filed a pro se supplemental brief raising a claim of ineffective assistance of counsel. This issue is raised for the first time on appeal and therefore not properly before the court. La.Code Crim.Proc. art. 841(A). Moreover, ineffective assistance of counsel claims are generally addressed in post-conviction proceedings rather than on direct appeal, State v. Deruise, XXXX-XXXX, p. 35 (La.4/3/01), 802 So.2d 1224, 1247-1248, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), to allow the trial court to conduct, if warranted, a full evidentiary hearing, State v. Howard, XXXX-XXXX, p. 15 (La.4/23/99), 751 So.2d 783, 802, cert. denied, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). Accordingly, we pretermit discussion of this issue.

Conclusion
The defendant's conviction, multiple offender adjudication, and sentence are affirmed.
AFFIRMED.
NOTES
[1] The defendant was also charged with one count of aggravated battery, a violation of La.Rev.Stat. 14:34, but that charge was subsequently dismissed by the State.