LOMBARD, J.,
Concurs in Result.
| because the record in this case does not support a finding that the trial court abused its “wide discretion” in denying the defendant’s motion for a continuance, see State v. Martin, 93-2085 (La.10/17/94), 645 So.2d 190, 197, I concur in the result.
However, the issue of ineffective assistance of counsel is raised for the first time on appeal and, thus, not properly before the court. La.Code Crim. Proc. art. 841(A). Moreover, ineffective assistance of counsel claims are generally addressed in post-conviction proceedings rather than on direct appeal, State v. Smith, La.App. 4 Cir. 7/2/08 p. 5, 989 So.2d 816, 819; State v. Demise, 98-0541, p. 35 (La.4/3/01), 802 So.2d 1224, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), to allow the trial court to conduct, if warranted, a full evidentiary hearing. State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802, cert. denied, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). Accordingly, I would pretermit any discussion of the issue to avoid the appearance of issuing an advisory opinion.