907 So.2d 180 (2005)
STATE of Louisiana, Appellee
v.
Lucas Lorenzo WHITE a/k/a Robert Tyrone Williams, Appellant.
No. 39,634-KA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 2005.
*181 James E. Beal, Jonesboro, for Appellant.
Lucas Lorenzo White a/k/a Robert Tyrone Williams, Pro Se.
Paul J. Carmouche, District Attorney, Lea R. Hall, Jr., Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and MOORE, JJ.
CARAWAY, J.
Lucas Lorenzo White, a/k/a Robert Tyrone Williams, was charged by bill of information for armed robbery with the use of a firearm in violation of La. R.S. 14:64 and 14:64.3. After a jury trial, White was found guilty as charged and subsequently adjudicated a fifth felony offender with two prior crime of violence convictions. Consequently, White received a life sentence without benefit of parole, probation or suspension of sentence and an additional consecutive sentence of five years at hard labor without benefit of parole, probation or suspension of sentence for the armed robbery with a firearm conviction. After the trial court denied White's motion to reconsider sentence, he appealed. For the following reasons, White's conviction and habitual offender adjudication are affirmed and his sentence is amended to delete the additional five year term.

Facts
On July 24, 2003, Crystal Meshell, a store clerk at Tobacco World III in Shreveport, Louisiana, was robbed at gun-point of several cartons of cigarettes. After the robbery, Shreveport Police officers interviewed witnesses, collected physical evidence and conducted an investigation. A store videotape of the robbery was released to the public and an anonymous tip to Crime Stoppers identified White as the robber. The store clerk also later identified White as the perpetrator of the armed robbery from a photographic lineup.
The jury found White guilty as charged and the state subsequently filed a habitual offender bill of information, charging him as a fourth felony habitual offender. The habitual offender bill listed four prior felony convictions and the instant conviction as White's fifth felony conviction and "at least" his fourth felony offense. White filed a motion to quash the habitual offender bill, arguing that his prosecution under the enhanced sentencing feature of La. R.S. 14:64.3 and the enhancement of sentence under the Habitual Offender Law *182 resulted in a prohibited double enhancement.
At the habitual offender hearing, the trial court denied White's motion to quash, ruling in part that no double enhancement had occurred. Several post-trial motions were also denied. Thereafter, the state presented the testimony of a fingerprint expert in analysis and identification who affirmed that White's fingerprints were the same as those contained on the bills of information for the four prior convictions listed in the habitual offender bill. The trial court took judicial notice of White's instant conviction, adjudicated him a fifth felony offender and sentenced him as noted above. White now appeals urging three sentencing errors.

Discussion

Double Enhancement of Sentence
White first contends the trial court erred in denying his motion to quash the habitual offender bill. Specifically, White argues that the state's choice to enhance his penalty under La. R.S. 14:64.3 precluded double enhancement under La. R.S. 15:529.1, the Habitual Offender Law.
White correctly points out that courts have long held that habitual offender laws may not be used to further enhance penalties for the status crime of possession of a firearm by a convicted felon under La. R.S. 14:95.1, which itself takes into account the fact of the defendant's previous conviction and gives no indication that the legislature wanted the multiple billing procedure to remain available as a vehicle for further enlargement of the penalty. State v. Williams, 358 So.2d 943 (La.1978); State v. Holland, 356 So.2d 427 (La.1978); State v. Sanders, 337 So.2d 1131 (La.1976). See discussion in State v. Walker, 00-0334 (La.12/22/00), 775 So.2d 663, writ denied, 01-0235 (La.12/7/01), 803 So.2d 23.
Additionally, however, in State v. Murray, 357 So.2d 1121 (La.1978), our supreme court held:
By statute, the district attorney is accorded wide discretion in determining when and how he shall prosecute. LSA-C.Cr.P. art. 61. When more than one provision of the law applies, the district attorney has the discretion to elect which of the provisions to invoke. See, e.g., LSA-R.S. 14:4.
We discern no reason why this discretion should not apply to the use of the multiple offender procedures as long as the same offense is not used twice to enhance the penalty. See State v. Cox, 344 So.2d 1024 (La.1977); State v. Sanders, 337 So.2d 1131 (La.1976).
In State v. Iverson, 37,369 (La.App. 2d Cir.9/24/03), 855 So.2d 835, writ denied, 03-2950 (La.5/14/04), 872 So.2d 510, this court discussed the concept of "double enhancement" in the context of the enhanced penalty provision of the Controlled Dangerous Substance Law. Iverson held that the concept of double enhancement prohibits the use of an underlying crime and the subsequent status offense together in a multiple offender bill of information to enhance the penalty of another conviction. Because in that case, the defendant's first conviction for possession of a controlled dangerous substance ("CDS") was used only once to support the status conviction and was not included in the chain of convictions used in the subsequent habitual offender proceeding, no double enhancement occurred and the trial court correctly denied the motion to quash the multiple offender bill. The court cautioned, however, that the state's inclusion of the first offense CDS with the second offense CDS in the multiple offender bill would have resulted in impermissible double enhancement. See also State v. Harrison, 32,643 (La.App. 2d Cir.10/27/99), 743 So.2d 883, *183 writ denied, 99-3352 (La.6/30/00), 765 So.2d 327; accord State v. Bailey, 97-493 (La.App. 5th Cir.11/12/97), 703 So.2d 1325; State v. Moten, 619 So.2d 683 (La.App. 4th Cir.1993); State v. Hymes, 513 So.2d 371 (La.App. 4th Cir.1987).
In the instant case, White was convicted of armed robbery with the use of a firearm, violations of La. R.S. 14:64 and 14:64.3.[1] The state's subsequent habitual offender bill of information included the instant conviction plus convictions for attempted distribution of a Schedule II CDS, possession of a Schedule II CDS, aggravated battery and simple robbery. We find, however, that the state appropriately filed a habitual offender bill of information under La. R.S. 15:529.1 and that no double enhancement occurred in the state's application of both La. R.S. 15:529.1 and 14:64.3 for White's prosecution. White's attempt to extend the law relating to La. R.S. 14:95.1 to La. R.S. 14:64.3 is misplaced. Unlike the felon firearms statute, La. R.S. 14:64.3 cannot be characterized as a status offense for it contemplates no use of a prior felony offense for conviction. Likewise, under the reasoning of State v. Iverson, supra, because no underlying offense supported the La. R.S. 14:64.3 conviction and was re-employed in the multiple offender chain of convictions, no double enhancement was possible. On these grounds, we find that the trial court was correct in denying the motion to quash on the claim of double enhancement. This assignment of error lacks merit.
Nevertheless, in connection with our review of this issue, we do note an error patent not specifically raised by White which will require amendment of the sentence. After adjudicating White a fifth felony offender, the trial court imposed a life sentence without benefit of parole, probation or suspension of sentence. Additionally, the court imposed a consecutive sentence of five years without benefit of parole, probation or suspension of sentence after applying the enhancement provision of La. R.S. 14:64.3. We find the imposition of the additional five years to be in error. This court has held that the crime of robbery with the use of a firearm under La. R.S. 14:64.3 must be charged by bill of information and proven to a jury. State v. Odell, 37,194 (La.App. 2d Cir.6/5/03), 850 So.2d 749. The additional penalty imposed pursuant to La. R.S. 14:64.3 is to be served consecutively to the sentence imposed under La. R.S. 14:64. Yet, defendant was convicted of one crime which has elements from the combination of both provisions, La. R.S. 14:64 and La. R.S. 14:64.3. We view the crime of armed robbery with the use of a firearm under La. R.S. 14:64.3 as a more serious form of armed robbery for which the penalty range is effectively fifteen to one hundred four years. It was this single crime which was the subject offense of the prosecution. Thus, the state's choice thereafter to proceed under the Habitual Offender Law and adjudicate White as a fifth felony offender subjected the defendant only to a life sentence under the Habitual Offender Law. The applicable *184 sentence under the habitual offender law effectively replaces the sentence for the underlying crime under La. R.S. 14:64 and 14:64.3. The imposition of the additional five years under La. R.S. 14:64.3 by the trial court was erroneous and resulted in an illegal sentence. We amend the sentence to delete the additional five year term and affirm the remaining mandatory life sentence.[2]

Blakely Violation
By this assignment of error, White contends the Habitual Offender Law improperly allows the imposition of enhanced penalties without the benefit of a jury's determination of the facts supporting the habitual offender adjudication. He argues that his adjudication and sentencing as an habitual offender violate the principles of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
White's challenge to the constitutionality of the Habitual Offender Law, La. R.S. 15:529.1, has been raised for the first time in his appellate brief. The constitutional challenge was not the focus of any hearing and the record contains no argument on the topic. See State v. Brooks, 04-779 (La.App. 5th Cir.11/30/04), 889 So.2d 1064, citing State v. Williams, 02-1030 (La.10/15/02), 830 So.2d 984. Because the issue was not submitted to the trial court for decision, it will not be considered by this court on appeal. See Vallo v. Gayle Oil Co., 94-1238 (La.11/30/94), 646 So.2d 859; State v. Winn, 39,104 (La.App. 2d Cir.12/15/04), 890 So.2d 697. However, even if the issue had been properly raised, it would be without merit. See State v. Winn, supra.

Conclusion
For the foregoing reasons, White's conviction and habitual offender adjudication are affirmed. The imposed sentence is amended to delete the consecutive five year term imposed by the trial court under La. R.S. 14:64.3 and the life sentence imposed pursuant to the habitual offender law is affirmed.
CONVICTION AND HABITUAL OFFENDER ADJUDICATION AFFIRMED. SENTENCE AMENDED TO DELETE FIVE-YEAR CONSECUTIVE SENTENCE AND AFFIRMED.
WILLIAMS, J., dissents in part and assigns written reasons.
WILLIAMS, J., dissenting in part.
With regard to the error patent review, I respectfully dissent from the majority opinion.
The majority has concluded that the defendant's habitual offender sentence "effectively replaced" his mandatory five-year sentence under the enhancement provision of LSA-R.S. 14:64.3, and thus, the trial court erred in sentencing the defendant to serve life imprisonment without the benefit of parole, probation or suspension of sentence and a consecutive five years imprisonment without the benefit of parole, probation or suspension of sentence. The majority's conclusion is erroneous.
The majority has failed to provide any authority to support its conclusion that the five-year penalty is "replaced" by a habitual offender sentence. To the contrary, our courts have affirmed the district courts' imposition of the five-year penalty in addition to a habitual offender sentence. State v. Williams, 34,369 (La.App. 2d Cir.2/28/01), 781 So.2d 673; State v. Lewis, *185 XXXX-XXXX (La.App. 4th Cir.6/2/04), 876 So.2d 912, writ denied, XXXX-XXXX (La.11/24/04), 888 So.2d 229.
Consequently, I must conclude that the trial court was correct in sentencing this defendant to serve the mandatory five-year penalty in addition to sentencing him as a habitual offender. I would affirm the trial court's sentences.
I respectfully dissent.
NOTES
[1] LSA-R.S. 14:64 provides in part:

A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
LSA-R.S. 14:64.3 provides in part:
A. When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned for an additional period of five years without benefit of parole, probation or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.
[2] This disposition moots White's final claim that the trial court erred in ordering his sentence under LSA-R.S. 14:64.3 be served at hard labor.