JjWRIT GRANTED, CONVICTION VACATED, REMANDED.

This matter comes before the court on a petition for post-conviction relief filed by Khalfani M. Kamau following his October 25, 2007 conviction on various drug related charges. This Court affirmed the applicant’s convictions and sentences in State v. Khalfani, 43,647 (La.App.2d Cir.10/29/08), 998 So.2d 756, writ denied, 2009-0267 (La.11/6/09), 21 So.3d 305. His petition for post-conviction relief raised, among other things, a claim of ineffective assistance of trial counsel. Specifically, applicant alleged that his trial counsel erred in failing to object to a jurisdietionally deficient bill of information, failing to object to the trial court’s charging of the jury with non-responsive verdicts, and in failing to object to his sentencing under an improper verdict. The trial court denied this claim, holding that the applicant had failed to meet his burden of showing a reasonable probability that but for his trial counsel’s errors the result of the proceedings would have been different. We disagree.
To understand the full breadth of errors made by defendant’s counsel, the state and the trial court in the proceedings leading to this defendant’s conviction, a detailed review of the procedural history is necessary. Kamau was initially charged under two separate bills of information with two separate drug-related violations, possession with intent to distribute a [¿‘Schedule II” controlled dangerous substance (MDMA) and possession with intent to distribute a Schedule II controlled dangerous substance (cocaine). The state subsequently amended both bills, the former to add a count of possession with intent to distribute a Schedule II controlled dangerous substance (Methamphetamine)[1] and the latter to amend the existing charge to read as follows:
Did knowingly or intentionally possess with the intent to distribute a schedule II controlled dangerous substance, namely over 200 grams of cocaine in violation of the provisions of LRS 40:967 A(l), F(l)(b).
To the extent that this amendment intended to charge the defendant with possession with the intent to distribute 200 grams or more of cocaine, there is no such crime. No motion to quash the bill of *873 information was ever filed on the defendant’s behalf.
At the conclusion of the presentation of evidence and closing arguments, the trial court instructed the jury that in order to find the defendant guilty of the charged offense it was required to find that: 1) he knowingly possessed cocaine with the intent to distribute it; and 2) that the amount of cocaine possessed was 200 grams or more. The instructions also charged the jury as to three responsive verdicts:
1.) Attempted possession of cocaine with intent to distribute;
2.) Possession of cocaine; and,
3.) Attempted possession.
None of the instructions on any of these responsive verdicts contained a requirement that the jury find the defendant possessed 200 grams or more of cocaine in order to find him guilty. Nevertheless, the verdict forms supplied to the jury contained the following options on the cocaine charge:
1. We, the jury, find the defendant guilty.
2. We, the jury, find the defendant guilty of Attempted Possession with Intent to Distribute of a Schedule II, Controlled Dangerous Substance, namely, over 200 grams of Cocaine.
3. We, the jury, find the defendant guilty of Possession of a Schedule II, Controlled Dangerous Substance, namely, over 200 grams of Cocaine.
4. We, the jury, find the defendant guilty of Attempted Possession of a Schedule II, Controlled Dangerous Substance, namely, over 200 grams of Cocaine.
5.We, the jury, find the defendant not guilty.
laWhen the defendant raised the issue on appeal that the third of these options was not a proper responsive verdict, this court noted that because his trial counsel had not raised the issue below, it could not be raised on appeal.
The jury form reflects that the jury circled the third of these options and that was the verdict read in open court. After the verdict was read, an on-the-record discussion between the trial judge and counsel ensued wherein an attempt was made to decipher the meaning of the jury’s verdict on the cocaine charge. At the conclusion of the discussion, the court and counsel agreed that the “200 grams” element was not meant to be on the jury form and that the jury’s verdict was for simple possession. The jury was then brought back into the courtroom and polled on whether their verdict was for “Possession of Schedule II Controlled Dangerous Substance, namely Cocaine.” Because the weight element went unmentioned, it is not evident whether or not the jury understood that the weight element was purposely being omitted.
On January 25, 2008, the defendant was sentenced on the cocaine conviction to 20 years at hard labor, with all but 15 years suspended and the first ten years to be served without the benefit of probation, parole or suspension of sentence. He was also ordered to pay a $100,000 fine. If the defendant was convicted of simple possession, this sentence is not legal.[2] The sentence could only be deemed legal if the defendant was convicted of possession of 200 grams or more of cocaine.[3] The señ- *874 tencing transcript reflects that no objection was made by defendant’s counsel to the legality of the sentence being imposed.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. King, 2006-1903 (La.10/16/07), 969 So.2d 1228; State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his attorney was ineffective, the defendant first must show that counsel’s performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel’s representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. Strickland, supra. The |4assessment of an attorney’s performance requires his conduct to be evaluated from counsel’s perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel’s judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Grant, 41,745 (La.App.2d Cir.4/4/07), 954 So.2d 823, writ denied, 2007-1193 (La.12/7/07), 969 So.2d 629; State v. Moore, 575 So.2d 928 (La.App. 2d Cir. 1991). Also State v. Tilmon, 38,003 (La.App.2d Cir.04/14/04), 870 So.2d 607, writ denied, 2004-2011 (La.12/17/04), 888 So.2d 866.
Second, the defendant must show that counsel’s deficient performance prejudiced his defense. This element requires a showing the errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. Strickland, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. Strickland, supra; State v. Jordan, 35,643 (La.App.2d Cir.4/3/02), 813 So.2d 1123, writ denied, 2002-1570 (La.5/30/03), 845 So.2d 1067. In State v. Allen, 2003-2418 (La.6/29/05), 913 So.2d 788, cert. denied, 547 U.S. 1132, 126 S.Ct. 2023, 164 L.Ed.2d 787, the Louisiana Supreme Court stated that “the failure to object to a valid error may be the proper subject of a post conviction claim of ineffective assistance of counsel.”
 On its face, the aforementioned procedural history shows that defendant’s trial counsel failed to object on numerous occasions to valid errors.' The result was an insolubly ambiguous verdict on which even the trial judge and counsel were unclear in the immediate aftermath of its rendering. Furthermore, while the jury’s *875 intent appears to have been to convict the defendant of a responsive verdict, his sentence reflects punishment under the most severe grade of the potential crimes with which he was conceivably charged, possession of 200 grams or more of cocaine. Given that the jury’s verdict indicates an intent to exercise some degree of leniency by returning a purportedly lesser verdict, there appears to be a reasonable probability that, but for counsel’s deficient performance, the outcome of the trial would have been different.
We find, therefore, that in regard to his conviction on the possession of cocaine charge, the defendant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. Accordingly, the |fidefendant’s conviction in lower court docket number 140,035 on the cocaine related charge is vacated and this matter is remanded to the trial court.

. The state also amended the existing charge to reflect that MDMA is actually a Schedule I controlled dangerous substance.

. La. R.S. 40:967(C) provides the sentencing range for an offender convicted of simple possession of cocaine as imprisonment with or without hard labor for not more than 5 years and a fine of not more than $5,000.

. An offender convicted of possession of 200 grams or more is subject to imprisonment at *874 hard labor for not less than ten nor more than thirty years with the first ten to be served without the benefit of probation, parole or suspension of sentence and a fine of not less than $100,000 nor more than $350,000. La. R.S. 40:967(F)(l)(b) & La. R.S. 40:967(G).